NS:JMS/DGR/NJM
F. #2018R01784

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG - 8 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TAWANNA HILLIARD and
TYQUAN HILLIARD,
    also known as "TK,"

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 19-358
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2), 982(b)(1), 1030(a)(2)(B),
1030(a)(2)(C), 1030(c)(2)(A),
1030(c)(2)(B)(ii), 1030(i)(1),
1030(i)(2), 1512(b)(1), 1512(b)(2)(A),
1512(b)(3), 1512(c)(2), 1512(d)(2),
1512(k), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

IRIZARRY, CH.J.

GOLD, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Obtaining Information from Government Computer and Protected Computer)

1.    In or about April 2016, within the District of New Jersey, the defendant

TAWANNA HILLIARD did knowingly and intentionally access a computer without

authorization and exceed authorized access to a computer, and thereby obtained information

from a department and agency of the United States, to wit: the United States Department of

Justice, and from a protected computer, to wit: a database maintained by RELX Group,

which offense was committed in furtherance of one or more criminal acts in violation of the

laws of the United States, to wit: racketeering and racketeering conspiracy, in violation of

Title 18, United States Code, Sections 1962(c) and 1962(d).

(Title 18, United States Code, Sections 1030(a)(2)(B), 1030(a)(2)(C),

1030(c)(2)(A), 1030(c)(2)(B)(ii) and 3551 et seq.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG -8 2019 ★
BROOKLYN OFFICE

CR 19-358

IRIZARRY, CH.J.
GOLD, M.J.

## COUNT TWO
(Conspiracy to Tamper with Witnesses)

2.  In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLARD, also known as "TK," together with others, did knowingly and intentionally conspire to intimidate and threaten one or more other persons, to wit: John Doe and Jane Doe, individuals whose identities are known to the Grand Jury, with intent (a) to influence, delay and prevent the testimony of John Doe and Jane Doe in an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(b)(1); (b) to cause and induce John Doe and Jane Doe to withhold testimony from an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(b)(2)(A); and (c) to hinder, delay and prevent the communication by John Doe and Jane Doe to one or more law enforcement officers of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and 1962(d), contrary to Title 18, United States Code, Section 1512(b)(3).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT THREE
(Tampering with Witnesses)

3. In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLIARD, also known as "TK," together with others, did knowingly and intentionally use intimidation and threaten one or more other persons, to wit: John Doe and Jane Doe, and attempt to do so, with intent (a) to influence, delay and prevent the testimony of John Doe and Jane Doe in an official proceeding, to wit: a grand jury investigation in the Eastern District of New York; (b) to cause and induce John Doe and Jane Doe to withhold testimony from an official proceeding, to wit: a grand jury investigation in the Eastern District of New York; and (c) to hinder, delay and prevent the communication by John Doe and Jane Doe to one or more law enforcement officers of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and 1962(d).

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 1512(b)(3), 2 and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Obstruct Justice)

4. In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLIARD, also known as "TK,"

together with others, did knowingly and intentionally conspire to corruptly obstruct, influence and impede an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT FIVE
(Obstruction of Justice)

5.     In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLIARD, also known as "TK," together with others, did knowingly and intentionally corruptly obstruct, influence and impede an official proceeding, to wit: a grand jury investigation in the Eastern District of New York, and attempt to do so.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Harass Witnesses)

6.     In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLARD, also known as "TK," together with others, did knowingly and intentionally conspire to harass one or more other persons, to wit: John Doe and Jane Doe, and thereby hinder, delay, prevent and dissuade John Doe and Jane Doe from reporting to one or more law enforcement officers of the United States the commission and possible commission of one or more Federal offenses, to wit: Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18,

United States Code, Sections 1962(c) and 1962(d), contrary to Title 18, United States Code, Section 1512(d)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT SEVEN
(Harassment of Witnesses)

7. In or about and between July 2018 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAWANNA HILLIARD and TYQUAN HILLARD, also known as "TK," together with others, did knowingly and intentionally harass one or more other persons, to wit: John Doe and Jane Doe, and thereby hinder, delay, prevent and dissuade John Doe and Jane Doe from reporting to one or more law enforcement officers of the United States the commission and possible commission of one or more Federal offenses, to wit: Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a), and racketeering and racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and 1962(d), and attempt to do so.

(Title 18, United States Code, Sections 1512(d)(2), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

8. The United States hereby gives notice to the defendant charged in Count One that, upon her conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2) and 1030(i)(1), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and such person's

interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(b)(1), 1030(i)(1) and 1030(i)(2); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SEVEN

10. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Two through Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such

7

offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R01784

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

TAWANNA HILLIARD et ano.,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2), 982(b)(1), 1030(a)(2)(B), 1030(a)(2)(C), 1030(c)(2)(A), 1030(c)(2)(B)(ii), 1030(i)(1), 1030(i)(2), 1512(b)(1), 1512(b)(2)(A), 1512(b)(3), 1512(c)(2), 1512(d)(2), 1512(k), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

*Jennifer M. Sasso, Drew G. Rolle, and Nicholas J. Moscow*
*Assistant U.S. Attorneys (718) 254-7000*