UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                - against -

TAWANNA HILLIARD,

                Defendant.
-------------------------------------------------------X

**MEMORANDUM & OPINION**
19-CR-358 (S-1) (PKC)

PAMELA K. CHEN, United States District Judge:

The Court memorializes and further explains the reasoning behind its April 5, 2022, decision denying Defendant's Motion to Dismiss Counts One and Two of the Superseding (S-1) Indictment, which charges Defendant, respectively, with conspiracy to engage in witness retaliation and witness retaliation, in violation of 18 U.S.C. §§ 1513(f) and 1513(e). (4/5/2022 Dkt. Order.)

## BACKGROUND

Defendant Tawanna Hilliard was indicted on August 8, 2019, in a seven-count indictment on charges of conspiracy to tamper with witnesses, witness tampering, conspiracy to harass witnesses, witness harassment, conspiracy to obstruct justice, obstruction of justice, and unauthorized computer access. (Indictment, Dkt. 1.) On February 23, 2022, the Government filed a Superseding (S-1) Indictment against Defendant, adding charges of conspiracy to retaliate against witnesses and witness retaliation against two witnesses, John and Jane Doe, for their provision of truthful information to a law enforcement officer about the actual or possible commission of a federal crime, in violation of 18 U.S.C. § 1513(f) and 18 U.S.C. § 1513(e) (collectively, "Counts 1 and 2"). (*See* Superseding Indictment, Dkt. 72, 1–2.)

On March 25, 2022, Defendant filed a motion to dismiss Counts 1 and 2, arguing that 18 U.S.C. § 1513(e) ("Section 1513(e)") is unconstitutionally vague and overbroad. (Defendant's

1

Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mot."), Dkt. 84.) The Government filed its opposition to the motion to dismiss on April 4, 2022. (Government's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss ("Gov. Opp."), Dkt. 92.) On April 5, 2022, the Court denied Defendant's motion to dismiss Counts 1 and 2, indicating that "[a] written decision will follow." (4/5/2022 Dkt. Order.)[1]

## DISCUSSION

### I.    Legal Standards

Vagueness and overbreadth challenges "are distinct concerns, the first implicating the Due Process Clause[s] and the latter the First Amendment." *United States v. Farhane*, 634 F.3d 127, 136 (2d Cir. 2011) (citations omitted). A vagueness challenge to a statute can be brought either as an "as-applied" challenge or a facial challenge. An as-applied challenge is "often raised as [a] defense[] to individual prosecutions," in which a criminal defendant "asserts that a law cannot constitutionally be applied to [their] individual circumstances." *Copeland v. Vance*, 893 F.3d 101, 110 (2d Cir. 2018) (citations omitted). A facial vagueness challenge, on the other hand, claims "that a statute is so fatally indefinite that it cannot constitutionally be applied to anyone." *Id.*

#### A.    Vagueness Challenges

"A statute can be impermissibly vague for either of two independent reasons." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). First, a statute is unconstitutionally vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Id.* Second, a statute can be unconstitutionally vague "if its vagueness makes the law unacceptably vulnerable to 'arbitrary enforcement.'" *United States v. Demott*, 906 F.3d 231, 237

---

[1] The Court recites only those facts necessary to resolve this Motion, and relies only on those facts that were known to the Court as of April 5, 2022.

(2d Cir. 2018) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)).  Therefore, "all vagueness challenges—whether facial or as-applied—require [an] answer two separate questions: whether the statute gives adequate notice, and whether it creates a threat of arbitrary enforcement." *Farrell v. Burke*, 449 F.3d 470, 485 (2d Cir. 2006).  The Second Circuit has held that district courts presented with both as-applied and facial vagueness challenges to a statute should analyze the as-applied argument first, because a facial challenge on vagueness can "depend[] upon whether the challenged regulation was constitutional as applied to the plaintiff." *Id.*

When a statute is challenged under the first vagueness ground (*i.e.*, the notice ground), courts must conduct an "objective inquiry" to determine "whether the law presents an ordinary person with sufficient notice of or the opportunity to understand what conduct is prohibited or proscribed, not whether a particular plaintiff actually received a warning that alerted him or her to the danger of being held to account for the behavior in question." *Copeland*, 893 F.3d at 114 (quotations and citations omitted).  Courts have also found that a statute's "scienter requirement may mitigate a law's vagueness, especially where the defendant alleges inadequate notice." *See id.* at 121 (quotations and citations omitted).

As for challenges based on the second vagueness ground (*i.e.*, the arbitrary and discriminatory enforcement ground), a court should reject such a challenge if it finds "either (1) that a statute as a general matter provides sufficiently clear standards to minimize the risk of arbitrary enforcement or (2) that, even without such standards, the conduct at issue falls within the core of the statute's prohibition, so that the enforcement was not the result of the unfettered discretion that law enforcement officers and factfinders might have in other, hypothetical applications of the statute." *Thibodeau v. Portuondo*, 486 F.3d 61, 67–68 (2d Cir. 2007).

3

### B. Overbreadth Challenges

A different analysis applies for overbreadth challenges. Whereas a vagueness challenge can be either facial or as-applied, all First Amendment overbreadth challenges are necessarily facial challenges. *See United States v. Thompson*, 896 F.3d 155, 162–63 (2d Cir. 2018). This is because "an overbreadth challenge by its nature assumes that the measure is constitutional as applied to the party before the court." *Farrell*, 449 F.3d at 498. A court's "first step in [an] overbreadth analysis is to construe the statute," since "it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *United States v. Williams*, 553 U.S. 285, 293 (2008). The next step is to determine whether the statute, as construed, "criminalizes a substantial amount of protected expressive activity." *Id.* at 297. A statute is facially invalid for overbreadth if its "application to protected speech [is] substantial" both "in an absolute sense" and "relative to the scope of the law's plainly legitimate applications." *See Virginia v. Hicks*, 539 U.S. 113, 119–20 (2003); *see also City of Houston, Tex. v. Hill*, 482 U.S. 451, 458 (1987) ("Only a statute that is substantially overbroad may be invalidated on its face."). Because of this high standard, "overbreadth challenges to statutes that primarily target conduct, rather than speech or conduct 'necessarily associated with speech'" will "'rarely, if ever,' succeed." *United States v. Thompson*, 141 F. Supp. 3d 188, 199 (E.D.N.Y. 2015) (quoting *Hicks*, 539 U.S at 124). Examples of "conduct necessarily associated with speech" include picketing or demonstrating. *Hicks*, 539 U.S. at 124. Lastly, the party challenging the statute on overbreadth grounds "bears the burden of demonstrating" that the statute is unconstitutionally overbroad. *Id.* at 122.

### II. 18 U.S.C. § 1513(e) Is Not Unconstitutionally Vague

Defendant contends that Section 1513(e) is unconstitutionally vague, "both facially and as applied." (Def.'s Mot., Dkt. 84, 5.) Defendant's entire vagueness argument is presented in three

4

paragraphs and can be distilled into two separate points.  First, Defendant claims that "the ordinary person does not understand that posting a video on the internet of a witness's post-arrest statement is subject to criminal penalties."  (*Id.*, Dkt. 84, 5.)  The Court construes this as a facial vagueness challenge based on the "adequate notice" ground.  Separately, Defendant asserts that "[t]he danger of arbitrary enforcement is illustrated by this very case," (*id.*, Dkt. 84, 6), which the Court understands as an-applied challenge premised on the "arbitrary and discriminatory enforcement" ground of vagueness.

As explained above, district courts generally start by analyzing as-applied vagueness challenges.  *See Farrell*, 449 F.3d at 485 (citations omitted).  Defendant's as-applied argument is spare to the point of being impossible to discern.  Defendant's argument is premised on a single fact, *i.e.*, that she "had a career" as a "federal employee," and a single assertion, *i.e.*, that the Government "offers no evidence that she was unsatisfactory in her performance of that job or that she was found to be untrustworthy."  (Def.'s Mot., Dkt. 84, 6.)

These two points utterly fail to inform the Court's primary inquiry: whether the statute provides sufficiently clear standards to minimize the risk of arbitrary enforcement.  *See Thibodeau*, 486 F.3d at 67–68.  Section 1513(e) makes it a crime to "knowingly, with intent to retaliate, take[] any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense . . . ."  18 U.S.C. § 1513(e).  Defendant does not identify specific parts of the statute that supposedly encourage or authorize discriminatory or arbitrary enforcement.  In fact, Congress made clear in enacting Section 1513(e) that only defendants who act "with intent to retaliate" against witnesses, and specifically witnesses who have provided truthful information about federal criminal activity, can be prosecuted under this

5

statute. *See* 18 U.S.C. § 1513(e). Furthermore, the Government cannot charge individuals with violating Section 1513(e) unless the allegedly criminal actions were "harmful," which explicitly includes "interference with . . . lawful employment or livelihood." *Id.* These are the types of "clear standards [that] minimize the risk of arbitrary enforcement," such that the Court cannot find that the statute is unconstitutionally vague. *Thibodeau*, 486 F.3d at 67–68; *see also United States v. Nursey*, No. 15–CR–112, 2015 WL 7074570, at *4 (M.D. Ala. Aug. 7, 2015) (similarly interpreting Section 1513(e) as not being void for vagueness).

Furthermore, Defendant's alleged criminal conduct falls within "the core of the statute's prohibition." *Thibodeau*, 486 F.3d at 67–68. In its superseding indictment and motions *in limine*, the Government alleged that Defendant violated Section 1513(e) by posting videos of John and Jane Doe, who were arrested with Defendant's son after all three fled from the commission of a robbery of a cellular telephone store. (*See* Superseding Indictment, Dkt. 72, 1–2; Government's First Motion *in limine* ("Gov. motion *in limine*"), Dkt. 79, 8–9.) The Government also alleged that Defendant's posting of the videos, which were of John and Jane Doe's post-arrest statements to law enforcement, led to death threats against John and Jane Doe, (Gov. motion *in limine*, Dkt. 79, 11), and that the decision to tag individuals and characterize their actions as "snitching" is part of the "overwhelming evidence" the Government had gathered of Defendant's intent to retaliate, (*id.*, 20). Based on the language of the statute and the Government's allegations as of April 5, 2022, the Court is convinced that Defendant's alleged criminal actions are exactly the type of conduct that Section 1513 is intended to prohibit. Therefore, the Government's decision to prosecute Defendant for conspiring to violate, and violating, Section 1513 "was not the result of the unfettered discretion that law enforcement officers and factfinders might have in other, hypothetical applications of the statute." *Thibodeau*, 486 F.3d at 67–68.

Defendant's facial vagueness challenge fares no better. Defendant's motion not only fails to identify any specific words or phrases in the statutory provision that are vague, but relies solely on a law review article to support her position that Section 1513(e) fails to adequately notify "the ordinary person" of the conduct it prohibits. (*See* Def. Mot., Dkt. 84, 5–6 (citing Eugene Volokh, *Crime-Facilitating Speech*, 57 Stan. L. Rev. 1095, 1207 (2005).) A law professor's legal commentary is, of course, no substitute for binding case law, and this Court does not find it to be even persuasive authority on how ordinary people would understand Section 1513 or whether it is unconstitutionally vague. Further, neither party has identified any decisions finding that Section 1513(e) is unconstitutionally vague because it fails to provide adequate notice of the prohibited conduct. (*See* Def. Mot., Dkt. 84, 5–6; *see also* Gov. Opp., Dkt. 92, 6–7 (explaining that Defendant "has not identified a single case in which a court held that taking retaliatory action against whistleblowers [in violation of 18 U.S.C. § 1513] is constitutionally protected, and the government is aware of none").)

Indeed, both parties cite the Sixth Circuit decision in *United States v. Edwards*, which rejected a similar argument that a defendant was not on notice that posting pictures on Facebook of a cooperating witness testifying during trial could violate Section 1513(e) because of the statute's vague language. *See* 783 F. App'x 540 (6th Cir. 2019) ("*Edwards I*"). The panel in *Edwards I* rejected the defendant's vagueness challenge, finding that the language of Section 1513(e) uses "plain, common language," such that "[a]n ordinary person can understand that posting" pictures identifying a cooperating witness on the Internet would be "harmful action" that falls within the ambit of the statute. *Id.* at 542, 545. Furthermore, the Sixth Circuit concluded that the statute's scienter requirements "dramatically narrow[ed] the universe of possible offending

7

activity," which would provide even more notice to an ordinary person as to the conduct that would be actually criminalized under Section 1513(e).  *Id.* at 545.

The Sixth Circuit's analysis of Section 1513(e) is not only persuasive, but consistent with the Second Circuit's precedents on analyzing lack-of-notice vagueness challenges.  *See, e.g.*, *Copeland*, 893 F.3d at 121 ("To be sure, a statute's scienter requirement may mitigate a law's vagueness, especially where the defendant alleges inadequate notice.") (brackets and quotations omitted).  This Court finds that an ordinary person reviewing the language of Section 1513(e) would be on notice that the conduct alleged in Counts 1 and 2 of the Superseding Indictment, *i.e.*, posting videos online of co-defendants' post-arrest statements to law enforcement officers implicating a co-conspirator and/or fellow gang member, coupled with naming those co-defendants and characterizing their actions as "snitching," is prohibited by Section 1513(e).

Accordingly, the Court rejects Defendant's facial and as-applied vagueness challenges to the Section 1513(e) crimes charged in Counts 1 and 2 of the Superseding (S-1) Indictment.

### III.     18 U.S.C. § 1513(e) Is Not Unconstitutionally Overbroad

Defendant argues that Section 1513(e) "sweeps too broadly by outlawing clearly protected expression that belongs in the public sphere."  (Def.'s Mot., Dkt. 84, 3.)  However, as the Government points out, Defendant "does not identify any constitutionally problematic application of the statute." (Gov. Opp., Dkt. 92, 4.)  The fact that Defendant fails to put forth any protected expressions that this statute would criminalize is not surprising, given the overall statutory construction.  Section 1513(e) requires the Government to prove beyond a reasonable doubt that a defendant (1) knowingly acted against a person who provided truthful information to law enforcement about a federal crime; (2) that such action was taken with intent to retaliate against the person providing such information; and (3) that the act was harmful to either that person or other persons.  *See United States v. Edwards*, 291 F. Supp. 3d 828, 832 (S.D. Oh. 2017) (similarly

8

construing the language of Section 1513(e)).  The plain language of the statute makes clear that defendants violate this law if they acted "knowingly" and "with intent to retaliate."  In other words, the conduct must be intentionally threatening to the victim, which, as a general matter, removes it from the protections of the First Amendment.  *See United States v. Santos*, 801 F. App'x 814, 816 (2d Cir. 2020) (summary order) (finding that "[a]lthough [statute prohibiting threats against public officials] criminalizes certain speech, the Supreme Court has held that the First Amendment does not afford protection to speech that constitutes a 'true threat.'") (quoting *Watts v. United States*, 394 U.S. 705, 708 (1969)).  The scienter requirements in Section 1513(e) "weigh[] heavily against a conclusion that the statute is overbroad" because they "dramatically narrow the universe of possible offending activity."  *See United States v. Edwards*, 2020 WL 9607176, at *3 (6th Cir. 2020) ("*Edwards II*").  Another strong indication that the statute is not overbroad is the fact that the language of Section 1513(e) is not "specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstration)."  *Hicks,* 539 U.S at 124.[2]  The Supreme Court has advised that overbreadth challenges are rarely successful against statutes that are not focused on speech or speech-related activities, *see id.*, and the Court finds that Section 1513(e) is no exception.

The remaining points in Defendant's motion are no more persuasive.  After citing to *Edwards I* and another out-of-circuit case in which criminal prosecution was brought under Section 1513(e), *United States v. Snow,* No. 19-CR-18, 2022 WL 252183 (W.D. Va. Jan. 26, 2022), Defendant summarily concludes that a "substantial number of the statute's applications are

---

[2] The same is true for the other subsections of 18 U.S.C. § 1513.  Courts have recognized that Congress' purpose in enacting the statute that included 18 U.S.C. §1513(a)–(d) was "to strengthen existing legal protection for victims and witnesses of federal crimes," many of whom cooperate with law enforcement at their "own risk."  *See, e.g.*, *United States v. Ferrugia*, 604 F. Supp. 668, 675 (E.D.N.Y. 1985) (citations omitted).

9

unconstitutional." (*See* Def. Mot., Dkt. 84, 5). This argument is as incorrect as it is brief and conclusory. In neither case did the defendants successfully challenge the constitutionally of Section 1513(e). *See* Mot. to Dismiss, *Snow*, No. 19-CR-18, Dkts. 120, 126 (seeking to dismiss some claims, but not the claim relating to Section 1513(e); *Edwards I*, 783 F. App'x at 545 n.3 (explaining that "[n]othing in this opinion should be construed to comment on whether §1513(e) is overbroad or violative of the First Amendment" because the "issue was neither brought nor briefed before" the panel in *Edwards I*); *see also Edwards II*, 2020 WL 9607176, at *3 (finding that defendant "Edwards has not made a substantial case that Section 1513(e) is overbroad"). Other cases cited by Defendant are also inapposite as those cases involve charges brought under completely unrelated statutes, such as state laws criminalizing witness retaliation. (*See* Def. Mot., Dkt. 84, 5 (citing *Lee-Purvis v. Pennsylvania*, 314 F. Supp. 3d 665 (E.D. Pa. 2018), in which the defendant was charged with and convicted of, *inter alia*, violating Pennsylvania's witness retaliation statute).)

Another section of Defendant's brief cites to a litany of Supreme Court opinions that recite uncontested principles of First Amendment law, none of which pertain to the overbreadth doctrine. (*See* Def. Mot., Dkt. 84, 3–4.) For example, Defendant asserts that the Supreme Court in *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), already "settled the issue that even speech intended to cause economic harm is constitutionally protected." (Def. Mot., Dkt. 84, 4.) Defendant fails to address, however, that *Claiborne* involved an economic boycott over racial discrimination by white merchants, which is the type of peaceful political "expression on public issues [that] has always rested on the highest rung of the hierarchy of First Amendment values[,]" *Claiborne*, 458

U.S. at 913—not intentionally threatening conduct as alleged here.³ The Court finds that *Claiborne* is plainly inapplicable to this case and that Defendant has otherwise failed to satisfy her burden of showing that Section 1513(e) criminalizes any, no less "a substantial amount of[,] protected expressive activity," *see Williams*, 553 U.S. at 297, and accordingly has failed to show that this statute is unconstitutionally overbroad.⁴

## CONCLUSION

For the reasons stated herein, this Court finds that 18 U.S.C. § 1513(e) is neither unconstitutionally overbroad nor unconstitutionally vague. Defendant's motion to dismiss Counts 1 and 2 of the Superseding Indictment is accordingly denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 18, 2022
Brooklyn, New York

---

³ Furthermore, the fact that "harm" under Section 1513(e) includes economic harm, namely, "interference with lawful employment or livelihood"—which is what Defendant appears to be obliquely referencing in her argument—does not make the statute constitutionally overbroad. *See Edwards*, 2020 WL 9607176, at *2 (rejecting similar arguments about overbreadth of Section 1513(e) based on *Claiborne*).

⁴ In the overbreadth challenge, Defendant relies once again on the law review article by Professor Volokh who asserts that "publishing the names of crime witnesses can help the public evaluate whether witnesses' stories are credible or not." (*See* Def. Mot., Dkt. 84, 3.) Yet, the article is again unhelpful to Defendant because the conduct alleged here goes far beyond simply publishing the names of crime witnesses. The Government alleges that John and Jane Doe were not mere bystanders or third-party crime witnesses or victims, but were co-conspirators of Defendant's son (*see* Gov. motion *in limine*, Dkt. 79, 8–9); that Defendant posted their videotaped post-arrest statements to law enforcement, not just their names (*id.*, 19); and that, at least as to John Doe, there is "overwhelming" evidence that Defendant's actions were motivated by a desire to retaliate or otherwise harm him (*id.*, 20). Therefore, the law review article, even if the Court were to give it any weight, describes a far more innocuous situation than the facts alleged in this case.