UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                - against -

TAWANNA HILLIARD,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CR-358 (PKC)

PAMELA K. CHEN, United States District Judge:

On April 26, 2022, Defendant Tawanna Hilliard was convicted by a jury of Counts One, Two, Five, and Six of the Superseding (S-1) Indictment, charging her, respectively, with Witness Retaliation Conspiracy, Witness Retaliation, Conspiracy to Obstruct Justice, and Obstruction of Justice, all as to two victims identified in the indictment as "John Doe" and "Jane Doe." (Verdict Form, Dkt. 122.) On March 14, 2023, the Court sentenced Defendant to a term of 33 months' incarceration on each count of conviction to run concurrently, to be followed by two years of supervised release. The Court directed Defendant to surrender on April 25, 2023 to begin serving her sentence. (March 14, 2023 Minute Entry.) On March 27, 2023, Defendant filed a motion for bail pending appeal, which was fully briefed on April 21, 2023. (Dkt. 160.) On April 19, 2023, Defendant requested an adjournment of her surrender date in light of her pending motion (Dkt. 165), which the Court granted on April 21, 2023, adjourning Defendant's surrender date to June 9, 2023.

For the reasons discussed below, the Court denies Defendant's request for bail pending appeal. She shall therefore surrender to the U.S. Marshals Service in the Eastern District of New York on June 9, 2023.

1

## LEGAL STANDARD

In order for the Court to grant bail pending appeal, it must find that: (1) the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released," by clear and convincing evidence; and (2) the appeal is not for the purpose of delay and "raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). A "substantial question" is a "close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotations omitted). There is a "presumption in favor of detention," *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004), and the defendant bears the burden to "rebut this presumption with clear and convincing evidence." *Id.*; *see also United States v. Miller*, 753 F. 2d 19, 22 (3d Cir. 1985) ("Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it [absent] exceptional circumstances.").

## DISCUSSION

The only disputed issue with respect to Defendant's motion[1] is whether she "raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial,[2] (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of

---

[1] The Government does not contend, and the Court does not find, that Defendant presents a risk of flight or danger to the community, or that the purpose of her anticipated appeal is delay.

[2] The Court notes that Defendant declined to move for a judgment of acquittal or new trial under Fed. R. Crim. P. 29 or 33. (Dkt. 125 (indicating that Defendant "does not intend to supplement the record with any post-trial motions.").)

imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). The Court finds that she does not.

I.  **Defendant's Constitutional Challenge to 18 U.S.C. § 1513(e)**

Defendant argues, as she did in her pre-trial motion to dismiss, that Section 1513(e) is "both facially vague and overbroad and unconstitutional as applied." (Def. Mot., Dkt. 160, at 1.) The Court finds no reason to believe that the Second Circuit will conclude that the Court erred in its prior decision rejecting many of the same contentions Defendant now resurrects in her post-sentencing motion. (*See* Mem. & Order, Dkt. 130; Def. Mot., Dkt. 160, at 1–2; Def. Reply, Dkt. 166, at 2–3.) The Court also disagrees with Defendant's contention that the jury's acquittal of her on Counts Three, Four, Seven, and Eight shows that they "rejected the notion Ms. Hilliard used threats, intimidation or harassment," which supports her argument that the meaning of "harmful action" in Section 1513(e) is unconstitutionally vague and overbroad. (Def. Mot., Dkt. 160, at 1–2.) However, there is no basis for concluding that the jury's acquittal of Defendant on some counts indicates that they did not find that she had used threats, intimidation, or harassment. Rather, as the Government points out (*see* Gov't Opp., Dkt. 164, at 7 (citing Dkt. 151, at 12 n. 10)), during their deliberations, the jury sent a note asking whether Defendant would be guilty of witness harassment if the conduct was designed to "dissuade <u>any</u> person from reporting [a crime]" (Trial Tr. ("Tr.") 1491) or whether the conduct had to relate specifically to John or Jane Doe. After being advised by the Court that they could convict only if the witness harassment was directed at John or Jane Doe, the jury returned verdicts that acquitted Defendant of those crimes, requiring her to have intended to dissuade John or Jane Doe from providing information in the future to law enforcement. Thus, the acquittals of Defendant on the witness tampering and witness harassment charges show nothing about whether the jury found that Defendant used threats, intimidation, or

3

harassment, and thus do not suggest that the "harmful action" element in Section 1513(e) makes the statute vague or overbroad, either facially or as applied in this case.[3]

Accordingly, the Court does not find that Defendant has raised a "substantial" or "close" question with respect to the constitutionality of Section 1513(e).

## II. The Court's Evidentiary Rulings

The Court also does not find that any of Defendant's challenges to the Court's evidentiary rulings raises a substantial question. The Court initially notes that trial courts have substantial discretion with respect to evidentiary rulings, which generally are reviewed for abuse of discretion. *See United States v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) (citing *United States v. Anglin*, 169 F.3d 154, 162 (2d Cir. 1999)).

### A. Gang-Related Evidence Was Material and Not Unduly Prejudicial

Defendant argues that the Court's admission of "gang association evidence" at trial was erroneous and raises a substantial question for appeal. (Dkt. 160, at 2.) The Court disagrees.

The evidence of Defendant's knowledge and association with members of the 5-9 Brims was critical evidence of Defendant's motive in posting, conspiring to, and aiding the posting of the videotaped post-arrest statements of the victims John Doe (a 5-9 Brims member) and Jane Doe (his girlfriend). In those statements, both John and Jane Doe implicated Defendant's son, a fellow 5-9 Brims member, in the robbery for which all three had been arrested. The evidence establishing Defendant's intimate knowledge of how the gang operated, and its hierarchy and rules (including "no snitching"), was material to showing that by posting (and assisting in the posting of) the victims' videotaped interviews and branding them both as "snitches," Defendant intended to

---

[3] The Court does not address Defendant's under-developed and scattershot discussion of First Amendment cases in its reply (*see* Dkt. 166, at 2–3), given that the relevance or applicability of those cases is entirely unclear.

4

threaten, intimidate, harass, and retaliate against John and Jane Doe. The Court also found that any prejudice resulting from this gang-association evidence was outweighed by the probative value of the evidence. Furthermore, at trial, the Government neither argued nor suggested that Defendant herself was a gang member,[4] but instead argued that Defendant's knowledge of how the gang operated was evidence of her intent with respect to the posting of the videos.

Accordingly, the Court does not find that the admission of the gang-related evidence raises a substantial question for appeal.

B. The Court Did Not Preclude Defendant from Calling John Doe as a Witness

Defendant's next evidentiary claim—that the Court erroneously denied Defendant's request to call John Doe as a witness to testify about John Doe falsely accusing Defendant's son, Tyquan, of being the snitch—warrants little discussion. (Dkt. 160, at 4.) The Court did not deny Defendant's request to call John Doe because the defense never squarely made it. As the Government notes in its opposition, "[t]he Court did not preclude the defendant from calling John Doe as a witness, but the defendant could not settle on a single legitimate reason to call John Doe." (*See* Gov't Opp., Dkt. 164, at 9 (citing Apr. 6, 2022 H'rg Tr. 65–66 (defense counsel "positing" potential areas of examination of John Doe, which were inadmissible, and the Court advising counsel that it was not precluding the defense from calling John Doe, but that the defense would have to explain what it "expect[ed] to prove [or] elicit," which the defense thereafter did not seek to do)).)

Accordingly, there is no evidentiary ruling on this issue that constitutes a substantial question for appeal.

---

[4] The Government did argue, however, that contrary to the defense's arguments, Defendant did not disapprove of the gang or her son's membership in it.

5

      C.      Precluding Evidence About the Absence of a Protective Order in Tyquan Hilliard's State Court Prosecution

Defendant's claim that the Court erroneously precluded evidence regarding the absence of a protective order as to the discovery in Tyquan Hilliard's state court prosecution similarly warrants little discussion. The defense, in fact, was not precluded from arguing—which it vigorously did in summations—that there was "no evidence in this case that there was any kind of protective order or there was any limitation by a court, by a prosecutor, by anyone that told her that she could not share discovery[,]" *i.e.*, the videotaped post-arrest statements of John and Jane Doe. (Tr. 1274.) Contrary to Defendant's claim now, the jury was *not* "misled and left with the inescapable inference that Ms. Hilliard did not have legal permission to share the video with others[.]" (Dkt. 160, at 4.) Indeed, the defense argued the opposite inference, *i.e.*, that there was "nothing wrong with" Defendant receiving her son's state court discovery from his attorney, even though there was no evidence in the record about whether that discovery was, in fact, covered by a protective order or other restriction. Thus, even if the Court should have permitted Defendant to introduce affirmative evidence of the absence of a protective order, she suffered no prejudice from the preclusion of that evidence. Furthermore, that evidence would have been of minimal probative value, especially since the defense was able to effectively use the lack of evidence of a protective order. That Defendant did not violate a protective order by posting the John and Jane Doe videos does little to negate the evidence of Defendant's intent to intimidate, threaten and/or retaliate against John and Jane Doe.

Accordingly, the Court does not find that this evidentiary claim amounts to a substantial question for appeal.

6

D.  Defendant Had Adequate Notice of the Government's Expert Testimony

Defendant's claim that she was not adequately notified of the testimony of the Government's expert witness, Federal Bureau of Investigation Special Agent Joel DeCapua, also does not come close to being a substantial question. Defendant was given approximately three weeks' notice of Agent DeCapua's testimony (*see* Gov't April 3, 2022 Notice; Tr. 1182 (defense's cross-examination of DeCapua on April 25, 2022)), and the agent's testimony was limited and uncontroversial. Agent DeCapua largely testified about computer files that were already in evidence and about computer-related and technical terminology that the jury needed to understand. The defense had ample opportunity to *voir dire* and cross-examine Agent DeCapua (Tr. 1090-93, 1182–93), as well as to retain their own expert witness (Tr. 639–40). Defendant fails to identify any way in which she was prejudiced by the purportedly late disclosure of Agent DeCapua's testimony. (*See* Dkt. 160, at 5 (making generic Rule 16 arguments).) Even if the Government's disclosure of Agent DeCapua's testimony was belated, the uncontroversial nature of his testimony and Defendant's opportunity to *voir dire* and cross examine him negates any potential—let alone "substantial"—prejudice. *United States v. Vinas*, 910 F.3d 52, 60 (2d Cir. 2018) (stating that to obtain relief, a defendant must not only show that disclosure was inadequate under Rule 16, but also that this violation "caused [the defendant] substantial prejudice."); *see also Lugo v. United States*, No. 09-CV-696 (NG), 2014 WL 7140456, at *12 (E.D.N.Y. Dec. 12, 2014) (reasoning that a defendant's post-conviction challenge to the Government's "belated Rule 16" disclosure failed because defense counsel was not hindered by this delay in her cross-examination of the relevant witness).

Accordingly, Defendant's claim that she was given insufficient notice of Agent DeCapua's testimony does not constitute a substantial question for appeal.[5]

### III. Sentencing

Finally, the Court finds that Defendant's argument about the purported error in calculating her Guidelines range—namely, the inclusion of an eight-level enhancement based on Defendant's conduct involving "threatening to cause physical injury to a person"—does not constitute a substantial question, for the simple reason that that decision had no effect on the sentence the Court imposed. As the Court made clear at the sentencing: "I would have given this sentence regardless of the applicable advisory guidelines range." (March 14, 2023 Sentencing Tr. 89.) Defendant bears the burden of demonstrating that the challenge to the Guidelines calculation she intends to raise on appeal "likely" will result in a different sentencing outcome, *e.g.*, "a sentence that does not include a term of imprisonment, or . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B); *see Randell*, 761 F.2d at 125. Here, Defendant cannot make that showing because even if Defendant is correct about the applicable Guidelines range, the Court would have given the same sentence as was imposed at the March 14, 2023 sentencing, which, notably, was a substantial variance below the advisory Guidelines range, as calculated. The Court stated its position on the record at the sentencing proceeding and affirms that now. The Court therefore

---

[5] The Court does not address Defendant's sufficiency-of-the evidence claim, which she makes in a single sentence in her motion (Dkt. 160, at 5) and confines to her obstruction of justice convictions in her reply (Dkt. 166, at 5). To the extent the defense discusses this claim in its reply, it refers back to the admission of the gang-related evidence, which as previously discussed, the Court does not find rises to the level of a substantial question. Without any further elaboration or support, Defendant's sufficiency claim cannot be a substantial question. In any event, the Court finds that the evidence of Defendant's guilt on the counts of conviction was overwhelming.

rejects the defense's argument—based on its hypothetical recalculation of a likely Guidelines range of 15-21 months after appeal—that "[i]n light of the below guidelines sentence here, it is likely that, even with reversal of only the § 1513 counts, Ms. Hilliard would spend more time in prison than a reduced sentence would garner."

Accordingly, Defendant's claim of error with respect to the Guidelines calculation does not support her request for bail pending appeal.

## CONCLUSION

Having considered all of the arguments Defendant intends to raise on appeal, the Court finds that she has failed to raise a substantial question warranting her release pending appeal under 18 U.S.C. § 3143(b)(1), and denies her motion for the same.  Therefore, as previously ordered, Defendant shall surrender for service of her sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on June 9, 2023.

SO ORDERED:

 /s/ *Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: May 11, 2023
    Brooklyn, New York